Hall, J.,
concurs in part, and dissents in part, and votes to modify the judgment, as a matter of discretion in the interest of justice, by reducing the sentence imposed to determinate terms *809 of imprisonment of 25 years followed by a period of five years of postrelease supervision on each count of burglary in the first degree and the count of assault in the first degree, to run concurrently with each other, with the following memorandum:
I agree with the majority as to its determination of all issues raised on this appeal except the appropriate sentence to be imposed. In my view, the defendant’s aggregate sentence of 50 years of imprisonment is excessive. Thus, I must respectfully dissent, in part.
The defendant was convicted, upon a jury verdict, of 10 counts of burglary in the first degree and 1 count of assault in the first degree. These convictions arose out of the defendant’s participation in five separate home invasions. I acknowledge the serious nature of the crimes committed by the defendant, and am cognizant that the defendant’s actions violated the sanctity of the victims’ homes. Nonetheless, I believe that the defendant’s aggregate sentence of 50 years of imprisonment is excessive.
As observed by this Court in People v Suitte (90 AD2d 80 [1982]), even though the sentencing of a criminal defendant is a matter entrusted to the discretion of the sentencing court, this Court may substitute its own judgment for that of the sentencing court even where the sentencing court has not abused its discretion (see id. at 85-86). This authority is primarily based on CPL 470.15 (3) (c), which permits the Appellate Divisions to modify a sentence “[a]s a matter of discretion in the interest of justice.”
The defendant was 19 years old when he committed these crimes, and was 21 years old at the time of sentencing. The defendant had no prior criminal convictions. He expressed remorse for his actions to the Suffolk County Probation Department (hereinafter the Probation Department). Furthermore, while the crimes in this case were ostensibly the product of gang activity, the defendant stated to the Probation Department that he was no longer involved in the gang. I also note that, prior to trial, the defendant was offered a determinate sentence of 20 years of imprisonment in exchange for a plea of guilty. The aggregate sentence actually imposed, however, was 30 years greater.
The sentence imposed on the defendant will result in his release from prison when he is 71 years old. That period of time will be the majority of the defendant’s adult life. In my estimation, the principal objectives of a criminal sanction, i.e., deterrence, rehabilitation, retribution, and isolation (see People v Sanchez, 131 AD2d 606, 609 [1987]; People v Suitte, 90 AD2d at 83), can be achieved by imposing an aggregate sentence of 25 *810 years of imprisonment on the defendant, which is still a substantial sentence. Indeed, with a 25-year sentence, the defendant would still serve the majority of his young-adult life in prison.
My conclusion in this regard is also guided by the “criterion that a minimum amount of confinement should be imposed ‘consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant’ ” (People v Notey, 72 AD2d 279, 282-283 [1980], quoting ABA Standards Relating to Sentencing Alternatives and Procedures, Approved Draft, § 2.2). In my view, an aggregate sentence of 25 years of imprisonment is the minimum amount of confinement consistent with the objectives of protecting the public, achieving retribution for the crimes committed against the victims, and providing the defendant with an opportunity for rehabilitation.
I acknowledge that the codefendant Thomas Walker also received an aggregate sentence of 50 years in prison, and that such sentence was found to be not excessive by this Court (see People v Walker, 84 AD3d 842 [2011]). However, I do not believe that this Court’s determination in Walker precludes a reduction in the defendant’s sentence. In contrast to the defendant’s lack of any prior criminal conviction, Walker was previously convicted of two felonies, one of which was for attempted burglary. While the defendant expressed remorse for his crimes to the Probation Department, Walker denied his involvement. In addition, the sentencing court found that Walker was a “leader” while the defendant was a “follower, one of [Walker’s] soldiers.” Although Walker and the defendant were both convicted of 10 counts of burglary in the first degree and 1 count of assault in the first degree, Walker was also convicted of an additional count of attempted burglary in the first degree. Based on these distinguishing factors, it is my opinion that this Court’s determination in Walker does not preclude a reduction in the defendant’s sentence “[a]s a matter of discretion in the interest of justice” (CPL 470.15 [3] [c]).
Accordingly, this Court should exercise its discretion by reducing the defendant’s sentence and imposing an aggregate determinate sentence of 25 years of imprisonment. Thus, I respectfully dissent on the basis of the sentence alone, and vote to modify the judgment by reducing the sentence imposed to the extent indicated.